IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERMINO OSBELLI AGUILAR FUENTES, | ) ) ) |
| Petitioner, | ) ) ) |
| vs. | ) ) ) |
| SAMUEL OLSON, Chicago Field Office Director, TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, and PAMELA BONDI, U.S. Attorney General, | ) ) ) ) ) ) ) ) ) ) |
| Respondents. | ) ) |

Case No. 25 C 13495

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ermino Osbeli Aguilar Fuentes, a non-citizen detained by Immigration and Customs Enforcement, has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pursuant to the Court's November 6, 2025 order, the government filed a status report which explained that Aguilar Fuentes was located at the North Lake Processing Center in Baldwin, Michigan, within the Western District of Michigan, at the time his habeas corpus petition was filed. Dkt. 12. At that time, the Immigration Customs Enforcement detainee locator showed only that Aguilar Fuentes was in custody but did not specify his location. Dkt. 16, Ex. A. Aguilar Fuentes's counsel believed that he was located within this district at the ICE facility in Broadview, Illinois.

"For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (per curiam) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Aguilar Fuentes asks the Court to "[i]ssue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately" or "in the alternative, order a constitutionally adequate bond hearing." Dkt. at 3. He therefore brings a core habeas challenge to his present physical confinement. *See Mejia Olalde v. Noem*, No. 25 C 11481, 2025 WL 2841999, at *2 (N.D. Ill. Oct. 7, 2025) (Kennelly, J.). The Court lacks power to grant the writ because the petition is not "within [this Court's] respective jurisdiction[.]" 28 U.S.C. § 2241. When a court lacks jurisdiction over a habeas corpus petition, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed[.]" 28 U.S.C. § 1631. The only court in which his petition could have been brought was the district of confinement at the time of filing, the Western District of Michigan.

For the foregoing reasons, the Court lacks jurisdiction over Aguilar Fuentes's petition for a writ of habeas corpus [dkt. 3]. Pursuant to 28 U.S.C. § 1631, the Court directs the Clerk to transfer the petition forthwith to the Western District of Michigan. The case is terminated on this Court's docket.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 3, 2025